GEORGE W. PAIGE *v.* ASA B. PERNO.

A receipt, of one dollar, *in full of a certain note*, is not merely a receipt of one dollar, to apply on that note. It is an acknowlegment in writing, of the signer, that he has received the pay in full, and that the sum stated in the receipt—was the final balance last paid. Such is its legal effect, *prima facie.*

ON the trial of this case in the county court, the jury found a verdict for the plaintiff, upon the facts, and under the instructions, stated in the opinion of the court delivered by

COLLAMER, J.—This was an action on a note, given to one Stirling, or order, and indorsed to Paige, Dudley & Stirling, as copartners. It appears that they dissolved their co-partnership, but remained the owners of this note. Afterwards, this note was assigned to their creditors, and this suit commenced. On the trial, the defendant, to show payment of this note, produced the receipt of Dudley, bearing date after the dissolution, but before the assignment to the creditors, and while Paige, Dudley & Stirling were the owners of the note ; and the first question arises on the construction and legal effect of this receipt. It was a receipt of this tenor ;—

" Received of A. B. Perno, one dollar in full of a note," &c., and describing this note. It was a receipt by Dudley, while owner and competent to receive the pay, and give a receipt therefor. A receipt *in full* is more than a receipt for so much as the amount stated in it, to apply. It is an acknowledgment in writing, by the creditor, that he has received his pay in full ; and the amount stated in the receipt is taken as only the final balance, which completed the payment. The *sum* is generally, merely *nominal.* The great purpose, for which all receipts *in full* are given and received, is as evidence of *final* payment, and such is their *prima facie* effect, in law. The county court decided that the only effect of this receipt was, a receipt of one dollar to apply on the note. This was error.

It is, however, insisted that this error is cured by the verdict. That the only effect of this decision was merely to change the burthen of proof, and that all the evidence went to the jury, who found for *the whole note* ; and, therefore, it now appears there was *no payment* made. Ordinarily, the mere change of the burthen of proof, if all is finally and fair-

ly tried, is of little or no consequence ; but in this case, we can still perceive this may have affected the verdict. The defendant showed, by the receipt, *prima facie* evidence of full payment. The court decided that such was not the effect of the receipt,—that it only showed that Dudley received one dollar. What evidence the plaintiff then produced we know not, but all, which, on this decision, he needed to produce, was, that, at the date of the receipt, he *did not receive a dollar* ; and then the plaintiff must have a verdict *for the whole note.*

Error in the legal effect of a paper, in evidence, might, and almost necessarily would, affect the verdict. The question on trial was, had Dudley received pay in full? This written acknowledgment to that effect, in the receipt, the court informed the jury, had no legal tendency to prove the issue on trial. This error cannot be cured by any verdict taken under its influence.

The judgment of the county court, which was rendered for the plaintiff, upon the verdict is, therefore,

Reversed.

*O. H. Smith* and *L. B. Peck,* for plaintiff.
*S. B. Prentiss,* for defendant.